IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| DEMARIO L. ROBERTSON, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 7:20-cv-00024-M-BP |
| § | |
| STATES, § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This is a civil action brought by Plaintiff *pro se*, complaining about unspecified violations of federal law and seeking $1,000,000,000,000.00 in damages for pain and suffering "due to Title 18 Ch. 1 Sec 2-6, 8, 13, 16, 17, 18, 19 & 25." *See* Complaint, ECF No. 1 at 4. The Defendants are identified as "States" in the style of the case, but they are not otherwise described. *Id.* The Court has granted Plaintiff leave to proceed *in forma pauperis* under the provisions of 28 U.S.C. § 1915. ECF No. 5.

**Legal Standards**

A district court may summarily dismiss claims filed by a *pro se* litigant proceeding *in forma pauperis* if it concludes that the claims are frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). In order to state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plaintiff must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A court must accept all of a plaintiff's factual allegations as true, but it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Thus, a mechanical restatement of the elements of a cause of action, supported by conclusory statements instead of fact, is insufficient. *Id.*

## Discussion

Plaintiff alleges no facts against Defendants "States" in his Complaint. He cites numerous sections of Titles 1, 18, 31, 34, 41, 42, and 44 of the United States Code as providing the jurisdictional basis of his case and as relief sought. *See* ECF No. 1 at 2, 5. However, the only information provided in the "Statement of Claim" section of his Complaint is as follows: "Assessory continuing at this time." *Id.* at 4. This single statement and the Complaint as a whole fail to meet the pleading standards established in *Iqbal* and *Twombly*. Therefore, Plaintiff's Complaint should be stricken, and he should be permitted to amend his complaint to comply with those pleading standards.

## Conclusion

For the foregoing reasons, Chief United States District Judge Barbara M. G. Lynn should **STRIKE** Plaintiff's Complaint, ECF No. 1, from the record in this case; **DIRECT** the Clerk of

Court to note on the docket sheet that the Complaint is **UNFILED**; **ORDER** Plaintiff to file an amended complaint that complies with the pleading standards set forth above by **March 27, 2020**, or such other time set by the Court; and **DISMISS** this case **without prejudice** pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute or to comply with court orders if Plaintiff fails to file an amended complaint within the time allowed.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed **February 28, 2020**.

                                                                                   Hal R. Ray, Jr.
                                                                                   UNITED STATES MAGISTRATE JUDGE