# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# WICHITA FALLS DIVISION

| | |
|---|---|
| **DEMARIO L. ROBERTSON,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 7:20-cv-00024-M-BP |
| § | |
| **STATES,** § | |
| § | |
| Defendants. § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Chief Judge Barbara M. G. Lynn dismissed this civil action on May 4, 2020. ECF No. 8. Over a year later, Plaintiff filed several motions and an amended complaint. *See* ECF Nos. 11, 12, 16, and 14. He also appealed the Court's Judgment, and the United States Court of Appeals for the Fifth Circuit dismissed his appeal for want of jurisdiction. ECF No. 17. Because Plaintiff has not shown that he is entitled to relief from the Judgment, and his Amended Complaint is not properly filed in this closed case, the undersigned recommends that Chief Judge Lynn deny the motions and direct the Clerk of Court to unfile the amended complaint.

The undersigned liberally construes the pending motions, filed by Plaintiff on June 14 and 18, 2021 and July 12, 2021, as seeking relief from a final judgment. Because Plaintiff waited over twenty-eight days after entry of the Judgment before filing the motions, relief from the Judgment is not available under Federal Rule of Civil Procedure 59. The undersigned therefore considers whether relief is available pursuant to Federal Rule of Civil Procedure 60.

Plaintiff's motions do not assert any mistake that could be corrected under Federal Rule of Civil Procedure 60(a). The undersigned therefore considers the Motion under Rule 60(b), which "allows a party to seek relief from a final judgment, and request reopening of his case,

under a limited set of circumstances . . . ." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Those circumstances are:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "The decision to grant or deny 60(b) relief is within the sound discretion of the district court and will be reversed only for an abuse of discretion." *James v. Rice Univ.*, 80 F. App'x 907, 911 (5th Cir. 2003) (citation omitted). "The extraordinary relief afforded by Rule 60(b) requires that the moving party make a 'showing of unusual or unique circumstances justifying such relief.'" *Id.* (quoting *Pryor v. U. S. Postal Serv.*, 769 F.2d 281, 286 (5th Cir. 1985)).

Rule 60(b) motions "must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(b). As a result, Plaintiff is not entitled to relief from the Judgment due to any of the reasons listed in subsections (1), (2), or (3) of Rule 60(b) because he did not file the motions until more than a year after the Judgment was entered. Moreover, Plaintiff is not entitled to relief from the Judgment under the remaining sections of Rule 60(b). He has not asserted any facts or legal authorities to show that the Judgment is void, that it has been satisfied, released, or discharged, or that any other reason justifies relief. Nor has he shown any "unusual or unique circumstances" that would justify relief.

Instead of asserting any facts or advancing arguments that would support the Court

granting relief from the Judgment, Plaintiff's motions seek damages from various unnamed entities without stating any basis for the Court to grant relief. In the first motion, Plaintiff requests a place to live, transportation, utilities, monthly gift cards for use at a supermarket, and a gift card to be used at a department store. ECF No. 11. In the next motion, he seeks an order granting him ownership of a specified piece of property in Wichita County, Texas, paid utilities, and additional items included on an invoice that was not attached to the motion. ECF No. 12. In his last motion, Plaintiff requests "immediate housing" in the area of Tangier, Morocco, unspecified compensation, two airline tickets, an unlimited credit/debit account, and transportation. ECF No. 16.

Plaintiff has not shown that he is entitled to relief from the Judgment entered in this case on May 4, 2020. Therefore, the undersigned recommends that Chief Judge Lynn deny Plaintiff's motions filed on June 14 and 18, 2021 and July 12, 2021 (ECF Nos. 11, 12, and 16). Because a final judgment has been entered that concludes this matter and Plaintiff is not entitled to relief from the judgment, his Amended Complaint (ECF No. 14) is not properly filed in this case. The undersigned recommends that Chief Judge Lynn direct the Clerk of Court to unfile the Amended Complaint.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

    Signed on **August 3, 2021**.

                                                                     _____
                                                                       Hal R. Ray, Jr.
                                                                       UNITED STATES MAGISTRATE JUDGE